IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| TERRENCE TERRELL LINDSEY, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:24-cv-01212-O-BP |
| § | |
| THE STATE OF TEXAS, *et. al.*, § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction filed on August 25, 2025 (ECF No. 15). After reviewing the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Chief United States District Judge Reed O'Connor **DENY** Plaintiff's motion (ECF No. 15).

**I.   BACKGROUND**

On December 9, 2024, Terrence Lindsey sued more than sixty individuals and entities, among them Texas Governor Greg Abbott and Texas Attorney General Ken Paxton, alleging a variety of claims—notable among them the deprivation of his rights under color of law in violation of 18 U.S.C. § 24. ECF No. 1 at 17. On August 5, 2025, Lindsey amended his complaint, narrowing his suit to fourteen individuals and entities: The State of Texas; Tarrant County, Texas; Tarrant County Criminal Court 7; the City of Dallas, Texas; the City of North Richland Hills, Texas; the Dallas Marshals Office Association; Texas Attorney General Ken Paxton; Mayor of Dallas Eric Johnson; Hailie Strong; Nector Escalante; Jose Bernal; Gavino O. Rongel; Berlinda Murray; and Maria C. Martinez. ECF No. 14. Lindsey's amended complaint also narrowed his claims. *Id.* Among other allegations, he alleges a violation of his right to due process of law, false

imprisonment, theft of his property, and the deprivation of his rights under color of law in violation of 18 U.S.C. § 242. *Id.*

On August 25, 2025, Lindsey filed this emergency motion for a temporary restraining order and preliminary injunction against the named defendants "to prevent ongoing harassment, unlawful detention, seizure, and retaliation." ECF No. 15. at 1. Among other incidents alleged in his motion, affidavit, and amended complaint, Lindsey complains of unlawful detentions, unlawful searches of his automobile and person, and coercive treatment by police officers. *Id.* at 2-3; *id.* at 8-9; ECF No. 14.

## II.   LEGAL STANDARD

A TRO is "extraordinary relief and rarely issued." *Albright v. City of New Orleans*, 46 F. Supp. 2d 523, 532 (E.D. La. 1999). The Federal Rules of Civil Procedure govern the issuance of a TRO, which a court may enter with or without notice to the non-moving, adverse party. However, the standard for issuing a TRO without notice, or *ex parte*, "is an exacting one." *Lozano v. Perez*, No. 4:24-cv-00475-O, 2024 WL 3635521, at *1 (N.D. Tex. May 23, 2024) (O'Connor, J.). This is quite simply because "our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 438–39 (1974).

The Federal Rules thus only allow for issuance of a TRO without notice if:

> **(A)** specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> **(B)** the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

### III. ANALYSIS

#### A. Lindsey did not notify Defendants as Fed. R. Civ. P. 65(b)(1)(B) requires, nor does he present reasons why such notice is unnecessary.

Lindsey plainly confirms that he did not notify Defendants of his requested TRO prior to filing. ECF No. 15 at 4. He acknowledges this deficiency but merely "requests issuance of a TRO without prior notice due to the immediate risk of irreparable harm." *Id.* This statement represents the extent of Lindsey's argument that he has complied with Federal Rule of Civil Procedure 65(b)(1)(B). *Id.* Lindsey offers neither a certification that he made any effort to notify Defendants of his TRO filing, nor does he articulate any reason why he should not give notice other than his reassertion of "the immediate risk of irreparable harm." *See id.*

But this summary conclusion is generally insufficient to meet the movant's burden under Rule 65(b)(1)(B). *See CompuCom Systems, Inc. v. WJ Global, LLC*, No. 3:14-cv-3625-L, 2014 WL 5032747, at *2 (N.D. Tex. Oct. 8, 2014) (finding that movant's argument that "[p]roviding notice of the motion would only permit [non-movant] to do that which will cause [movant] the irreparable harm sought to be avoided—contact clients and file liens" was "insufficient to satisfy Rule 65(b)(1)(B)'s requirement"). And a "failure to satisfy Rule 65(b)(1)'s requirements, standing alone, is a sufficient basis to deny [a] request for a TRO." *Goodson v. City of Dallas*, No. 3:25-cv-816-K-BT, 2025 WL 1373737, at *2 (N.D. Tex. Apr. 7, 2025), *rec. accepted*, No. 3:25-cv-816-K, 2025 WL 1333657 (N.D. Tex. May 7, 2025).

Lindsey did not attempt to notify Defendants before seeking his TRO, and Lindsey offers no legal justification for not providing the notice. For this reason alone, the Court should deny his Motion. *Id.*

**B.      Lindsey does not present specific facts showing that immediate and irreparable injury, loss, or damage will result to him before the adverse party can be heard in opposition, as Rule 65(b)(1)(A) requires.**

However, even if the Court construed "the immediate risk of irreparable harm," ECF No. 15 at 4, as a sufficient reason to not notify Defendants of the Motion, Lindsey still would not carry his burden under Rule 65(b)(1)(A) to plead "specific facts . . . [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

In his Motion, Lindsey complains of allegedly unconstitutional conduct on five distinct dates from February 9, 2022 to May 8, 2025. ECF No. 15 at 1-3, ¶¶ 1-5 (recounting Lindsey's interactions with Dallas and Pearland police officers and the City of Dallas Community Police Oversight Board). The amended complaint likewise recounts these actions (ECF No. 14 at 6-14), as does the affidavit attached to the Motion. ECF No. 15 at 8-9, ¶¶ 2-5, 7. Despite the host of issues Lindsey takes with these actors, he does not dispute that the conduct alleged to have wronged him did so in the past. *See id.* at 1-3, ¶¶ 1-5; *id.* at 8-9, ¶¶ 2-5, 7; ECF No. 14 at 6-14.

It is well-settled that a movant cannot demonstrate irreparable injury via allegations of past conduct "when there is no showing of any real or immediate threat that the plaintiff will be wronged again." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983).

To be sure, Lindsey argues in the Motion that "Defendant's *ongoing* harassment, unlawful detentions, seizures, and coercive actions threaten [his] personal safety, liberty, and property, constituting irreparable harm that cannot be remedied by monetary damages." ECF No. 15 at 3 (emphasis added). But this is not enough. To the extent Lindsey fears that Defendants will again violate his constitutional rights simply because he alleges that they have before, this fear, however sincere it may be, is insufficient as a matter of law to constitute the immediate risk of irreparable harm without other evidence. *Lyons*, 461 U.S. at 111. Lindsey offers none. *See* ECF Nos. 14, 15.

Instead, the only ongoing conduct Lindsey alleges in his motion is the following:

> Ongoing Conduct. Since February 9, 2022, multiple non-judicial warrants have been repeatedly issued against Plaintiff. Tarrant County Courts have completely blocked Plaintiff's phone and communications with court staff, including the sheriff's office. Tim Curry Criminal Justice center's court room [sic] no. 8 coordinator Christy Young consistently refuses to forward any of the Plaintiff's presentments to Administrative Judge Charles Vanover, alleging that Plaintiff is denied his right to proceed as a pro se litigant and is required to obtain an attorney. Court coordinator Christy Young and Administrative Judge Charles Vanover continue to proceed with administrative process while ignoring Plaintiff's right to due process, obstructing justice and violating Plaintiff's constitutional rights.

*Id.* at 3.

Lindsey's allegations in this paragraph begin, again, with an assertion of past conduct. *Id.* Lindsey complains of "non-judicial warrants" often throughout his pleadings. *E.g.*, ECF No. 14 at 11, 13; ECF No. 15 at 9. But even so, and even though he asserts in his motion that "non-judicial warrants have been repeatedly issued," he still offers no evidence that Defendants will continue to issue them or attempt to enforce them, such that those warrants are even extant, illegitimate, and actionable. *See generally* ECF No. 15.

Lindsey may speculate that the conduct of which he complains will continue, but a speculative injury is not enough to clear the exacting threshold of immediate and irreparable injury to justify the issuance of an *ex parte* TRO. *Lyons*, 461 U.S. at 111. "The speculative nature of [a] claim of future injury requires a finding that this prerequisite of equitable relief has not been fulfilled." *Id.* Lindsey does not satisfactorily provide the Court with anything to transform speculation into substance.

Next, Lindsey alleges without support that the "Tarrant County Courts have completely blocked [his] phone and communications with court staff, including the sheriff's office." ECF No.

5

15 at 3. Likewise, he alleges without support that Tarrant County Criminal Court No. 8 Court Coordinator Christy Young "consistently refuses to forward his presentments" to Tarrant County Criminal Court No. 8 Judge Charles Vanover, contending that Young "alleg[es] that [Lindsey] is denied his right to proceed as a pro se litigant and is required to obtain an attorney." *Id.* Lastly, without support, Lindsey alleges that Young and Judge Vanover "continue to proceed with administrative process while ignoring Plaintiff's right to due process, obstructing justice and violating [Lindsey's] constitutional rights." *Id.*

At the outset, the Court notes that Lindsey names neither Young nor Judge Vanover as a Defendant in the case, and Lindsey's amended complaint names "Tarrant County Criminal Court 7" (which the undersigned construes as Tarrant County Criminal Court No. 7) as a Defendant instead of Tarrant County Criminal Court No. 8, ECF No. 14 at 4. Moreover, Lindsey offers no specific factual support for these allegations of ongoing conduct. In seeking an *ex parte* TRO as he does, Lindsey's burden under the Federal Rules of Civil Procedure is to plead "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). He does to do so.

In his amended complaint, Lindsey makes just one reference to the Tarrant County criminal courts. He explains that he was "charged for false claims under the statute of 'unlawful carry' in a joint venture to conspire against [his] human rights by Defendants . . . TARRANT COUNTY [and] . . . TARRANT COUNTY CRIMINAL COURT 7," ECF No. 14 at 12. However, even assuming Lindsey mistakenly meant to name Tarrant County Criminal Court No. 8 here instead of No. 7, this allegation still offers no specific facts corroborating or supporting the conduct that Lindsey's Motion alleges Young and Judge Vanover continue to perpetrate against him. Lindsey indeed

appears to make no other reference to Tarrant County Criminal Court No. 8 (or No. 7) in his complaint at all aside from what seems to be a digital screenshot of the criminal court's docket attached as an exhibit. *See id.*; *id.* at 47.

Moreover, this allegation contains no specific facts that clearly demonstrate any kind of immediate and irreparable harm, not just the harm allegedly stemming from Young and Judge Vanover. Lindsey offers no legal authority establishing a cause of action for a conspiracy against human rights, nor has Lindsey provided any factual support underlying his allegations of such a conspiracy other than a conclusory statement to that end. *See id.* at 12.

Likewise, in the affidavit attached to the Motion, Lindsey again does not offer the Court specific facts. He alleges that "Tarrant County Court No. 8 has blocked [his] number from court contact, obstructing justice," but makes no further reference to either Young, Judge Vanover, or the Tarrant County court. ECF No. 15 at 9. Ultimately, even were the Court to construe this statement as a specific factual statement, it is far from apparent that this fact can "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed R. Civ. P. 56(b)(1)(A). Lindsey presents no legal authority for the proposition that being blocked from contacting the courthouse telephonically, even if true, amounts to an obstruction of justice. The record suggests that Lindsey has been fully capable of communicating with the Tarrant County court—albeit not via his preferred method—given what appears to be a certified mail receipt for a delivery he sent to the Tim Curry Criminal Justice Center in Fort Worth. ECF No. 15 at 28.

Therefore, because the specific facts Lindsey has pleaded to support granting his request for a Temporary Restraining Order either regard past conduct without evidence of a likelihood of continuance or are insufficient to demonstrate immediate and irreparable injury, Lindsey has not

7

carried his burden of demonstrating "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to [him] before the adverse party can be heard in opposition." Fed R. Civ. P. 65(b)(1)(A).

### IV. CONCLUSION

Because Lindsey has carried neither his burden under Rule 65(b)(1)(A) nor his burden under Rule 65(b)(1)(B), Lindsey is not entitled to injunctive relief. Further discussion of the other legal requirements that he must meet to secure injunctive relief is unnecessary. The undersigned **RECOMMENDS** that Chief Judge O'Connor **DENY** Lindsey's request for a Temporary Restraining Order (ECF No. 15). Further, because the Court "may issue a preliminary injunction only on notice to the adverse party," Fed. R. Civ. P. 65(a)(1), and Lindsey has failed to provide such notice on Defendants (ECF No. 15 at 4), Lindsey also is not entitled to that relief. The undersigned thus **RECOMMENDS** that Chief Judge O'CONNOR **DENY** Lindsey's request for a Preliminary Injunction (ECF No. 15).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except

upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), superseded by statute 28 U.S.C. § 636(b)(1) (extending the deadline to file objections from ten to fourteen days).

    **SIGNED** on August 29, 2025.

                                                                                                 _____
                                                                                                 Hal R. Ray, Jr.
                                                                                                 UNITED STATES MAGISTRATE JUDGE